UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X  **06- 837M** 

UNITED STATES OF AMERICA,

    -against-

GESMAN ROBINSON,
    also known as,
    "Gesmen Robinson,"
    "Danny Hall"
    and "Daniel Hall,"

    Defendant.

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C., Section
922(g)(1))

- - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

    ANDREW DAHER, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

    Upon information and belief, on or about August 3, 2006, within the Eastern District of New York, defendant GESMAN ROBINSON, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a silver .380 caliber BRYCO semi-automatic pistol and

1

ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:

1. I have been a Special Agent of the ATF for approximately 4 years. My information in this case comes from reviews of records of the New York Police Department ("NYPD"), conversations with police officers and other official records of government agencies. Because the purpose of this affidavit is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2. On August 3, 2006, at approximately 2:35 p.m., two New York City Police Officers observed the defendant GESMAN ROBINSON purchase narcotics, to wit, the officers observed the defendant receive a tinfoil package from an unidentified male in exchange for what appeared to be United States currency near the corner of Ralph Avenue and Sterling Place in Brooklyn, New York. Based on their training and experience, the size and shape of the tinfoil package was consistent with packaging typically used for cocaine. They then observed the defendant place the narcotics in his right hand pocket and walk southbound on Ralph Avenue to St.

John's Place, and then make a right onto Howard Avenue and walk southbound.

3. One of the officers then radioed New York City Police officers located in an unmarked car on Saratoga Avenue and Eastern Parkway, with a description of the defendant and information about the narcotics purchase. Those officers drove to the corner of East New York Avenue near Pitkin Avenue, radioed back to the officers who observed the narcotics purchase to confirm the description, and waited on that corner for approximately two minutes until the defendant appeared on the corner of East New York Avenue and Pitkin Avenue. When the defendant appeared, the officers exited the vehicle and one of the officers yelled "Police" in the direction of the defendant. The defendant stopped walking and the officers approached him. After the defendant began shifting in his position, one of the officers grabbed his arm, asked him if he possessed drugs, and the defendant opened his right hand to reveal a small ziplock bag containing a green leafy substance believed to be marijuana. The officer then placed the defendant under arrest and searched him pursuant to that arrest.

4. Pursuant to the search, the officer recovered, among other things, a tinfoil package containing a white powdery substance believed, based on their training and experience, to be

cocaine from the defendant's right pants pocket and, from the defendant's right rear pocket, a silver .380 caliber BRYCO semi-automatic pistol containing five rounds of ammunition, one in the chamber and four in the magazine. Shortly after the defendant's arrest, the officers who originally observed the narcotics purchase identified the arrested individual as the person who made the earlier narcotics purchase.

5. After being processed at the precinct, the defendant GESMAN ROBINSON was advised of his Miranda rights by Detective Richard Araya. The defendant GESMAN ROBINSON waived his rights and in sum and substance admitted possession of the gun.

6. I have reviewed ROBINSON's criminal history records and have determined that ROBINSON has been convicted of crimes punishable by terms of imprisonment of more than one year, that include, but are not limited to, the following:

> a. On December 13, 1982, GESMAN ROBINSON - using the alias Danny Hall - was convicted in Kings County Supreme Court of Burglary in the Second Degree, in violation of New York State Penal Law 140.25, a Class C felony, and was sentenced to a term of imprisonment of three to nine years;

b. On December 13, 1982, GESMAN ROBINSON - using the alias Danny Hall - was convicted in Kings County Supreme Court of Robbery in the Second Degree, in violation of New York State Penal Law 160.10, a Class C felony, and was sentenced to a term of imprisonment of three to nine years;

c. On September 3, 1987, GESMAN ROBINSON - using the alias Danny Hall - was convicted in Queens County Supreme Court of Attempted Burglary in the Second Degree, in violation of New York State Penal Law 140.25, a Class D felony, and was sentenced to a term of imprisonment of thirty months to five years;

d. On September 5, 1991, GESMAN ROBINSON - using the alias Gesmen Robinson - was convicted in Kings County Supreme Court of Attempted Criminal Possession of a Weapon in the Third Degree, in violation of New York State Penal Law 265.02, a Class E felony, and was sentenced to a term of imprisonment of three years to life;

e. On November 22, 1999, GESMAN ROBINSON was convicted in Kings County Supreme Court of Criminal Possession of a Weapon in the Second Degree, in violation of New York State Penal Law 265.03, a Class C felony, and was

sentenced to a term of imprisonment of nine years to life.

5. From my training and experience, I know that the above-mentioned silver .380 caliber BRYCO semi-automatic pistol, was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for GESMAN ROBINSON so that he may be dealt with according to law.

ANDREW DAHER
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
7th day of August 2006

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK